Patrick E. BELL, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Defendant-Respondent-Petitioner,

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS; D. Kumar International, Inc.; and Transamerica Insurance Company, Defendants-Respondents.

Supreme Court

*No. 83–1025. Submitted on briefs September 6, 1984.— Decided October 2, 1984.*

(Also reported in 355 N.W.2d 233.)

For the defendant-respondent-petitioner there was a brief (in court of appeals) by *Stephen M. Sobota,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the plaintiff-appellant there was a brief by *Willard P. Techmeier* and *Techmeier, Sheedy & Associates,* Milwaukee.

For the defendants-respondents, D. Kumar International, Inc., and Transamerica Insurance Company, there was a brief by *Nonald J. Lewis* and *Kasdorf, Dall, Lewis & Swietlik, S.C.,* Milwaukee.

WILLIAM G. CALLOW, J.  This is a review of an order of the court of appeals reversing an order of the circuit court for Milwaukee county, Judge John E. McCormick, dismissing an appeal of a Labor and Industry Review Commission order.  We affirm the court of appeals.

The issue presented for review is whether the circuit court had jurisdiction over the Labor and Industry Review Commission (Commission) in light of the fact that the caption of the summons and complaint named the Department of Industry, Labor and Human Relations (DILHR) rather than the Commission.

Patrick E. Bell applied for worker's compensation for a posttraumatic stress disorder, and on June 14, 1982, the hearing examiner entered an order dismissing his application.  The examiner's order was affirmed by the Commission on November 12, 1982.  On December 2, 1982, Bell filed an action in Milwaukee county circuit

court appealing the Commission's decision. The caption of the action named DILHR as a defendant but did not name the Commission. The body of the complaint referred to the findings made by the Commission and alleged that Bell was aggrieved by them. On December 3, 1982, Bell's attorney sent three authenticated copies of the summons and complaint by certified mail to the Commission. The Commission received them on December 6, 1982. After the thirty-day period within which Bell could commence his action for judicial review under sec. 102.-23(1), Stats., had elapsed, Bell filed an amended complaint naming the Commission, rather than DILHR, as a defendant.

The Commission moved to dismiss the action on the ground that the court lacked personal and subject matter jurisdiction over it because the Commission had not been named a party to the action within thirty days from the date of the Commission's order as required by statute.

The circuit court granted the motion to dismiss. The court of appeals reversed. Consistent with our opinion in *Nigbor v. Department of Industry, Labor and Human Relations,* 120 Wis. 2d 375, 355 N.W.2d 532 (1984), we affirm the court of appeals.

*By the Court.*—The order of the court of appeals, which reversed the order of the circuit court and remanded the cause to the circuit court for further proceedings, is affirmed.